**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Brown, | No. CV-24-00368-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| State Farm Mutual Automobile Insurance Company, | |
| Defendant. | |

Under the scheduling order, the deadline for filing dispositive motions was January 24, 2025. (Doc. 15.) On that date, Defendant filed a motion for summary judgment. (Doc. 41.) The motion is 34 pages long, exclusive of attachments. (*Id.*)

Plaintiff has now filed a motion to summarily deny or strike Defendant's motion because it exceeds the applicable 17-page limit. (Doc. 42.) Plaintiff also seeks an award of attorneys' fees. (*Id.*)

On the one hand, Plaintiff is correct that Defendant's motion is overlong. The Court's case management order suspends LRCiv 56.1 except for subsection (d). (Doc. 15 at 5.) As a result, LRCiv 56.1(a), which requires a separate statement of facts, is not in force. The case management order further specifies that "the parties may not file separate statements of facts or separate controverting statements of facts, and instead must include all facts in the motion, response, or reply itself." (Doc. 15 at 5.) Under LRCiv 7.2(e), "[u]nless otherwise permitted by the Court, a motion including its supporting memorandum . . . may not exceed seventeen (17) pages, exclusive of attachments and any required

statement of facts." Because a statement of facts is not required (and is expressly banned), the 17-page limitation is *inclusive* of any factual narrative included within the motion.

On the other hand, Plaintiff's requested forms of relief—"Plaintiff requests that the Court on an expedited basis: (a) grant summary disposition denying Defendant's motion for summary judgment; (b) in the alternative, strike Defendant's motion for summary judgment without leave to re-file because the deadline has passed"—are disproportionately harsh and would result in a windfall to Plaintiff. The better solution is simply to strike the pending summary judgment motion and give Defendant a two-week extension to file a renewed motion that complies with the now-clarified page limit.

Plaintiff's request for attorneys' fees is denied for similar reasons. Although Plaintiff's interpretation of the page limit is correct, this does not mean that Defendant's competing interpretation was so incorrect as to warrant fee-shifting (nor does Plaintiff identify a rule or authority that would justify fee-shifting under these circumstances).

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion for summary denial or, in the alternative, to strike Defendant's summary judgment motion without an opportunity to file a motion compliant with the page limitation (Doc. 42) is **granted in part and denied in part**.

2. Defendant's motion for summary judgment (Doc. 41) is **struck**.

3. Defendant may file a motion for summary judgment that complies with the page limitation by February 10, 2025.

Dated this 27th day of January, 2025.

Dominic W. Lanza
United States District Judge